**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| UA PLUMBERS 63 & STEAMFITTERS 353 JOINT PENSION TRUST FUND, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS 63 EDUCATIONAL TRUST FUND, PLUMBERS LOCAL 63 ANNUITY BENEFIT PLAN, MID-ILLINI MECHANICAL CONTRACTORS ASSOCIATION INDUSTRY FUND, WEST CENTRAL BUILDING TRADES COUNCIL CHECK OFF, POLITICAL EDUCATION COMMITTEE FUND, TRI-COUNTY CONSTRUCTION LABOR-MANAGEMENT COUNCIL, PIPE TRADES DISTRICT COUNCIL #34, and UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING INDUSTRY OF THE UNTIED STATES AND CANADA LOCAL #63, | Case No. 1:24-cv-01116-JEH-RLH |

            Plaintiffs,

v.


JIM BEHM & SON PLUMBING, INC.

            Defendant.

1

## Order

This is an action for unpaid contributions pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"), and the Labor Management Relations Act of 1947, 29 U.S.C. § 141 ("LMRA"). Before the Court is Plaintiffs' Motion for Entry of Final Judgment. (D. 9). For the reasons stated, *infra*, the motion is granted. Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund is awarded $62,672.70. Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund, and other plaintiffs for whom it acts as a collection agent, is awarded $74,039.44.

## I[1]

Plaintiffs are multi-employer plans, labor-management committees, and plans established pursuant to collective bargaining agreements between United Association of Journeymen and Apprentices of the Page Plumbing and Pipefitting Industry of the United States and Canada ("Union"), certain employer associations whose employees are covered by the agreements with the Union, and labor organizations associated with the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Local Union"). (D. 1 at ECF pp. 2–3). They provide "retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Pension Fund on behalf of their employees[.]" (D. 1 at ECF p. 2). Two principal groups of plaintiffs seek collection: UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund, and other plaintiffs for whom it acts as

---

[1] The facts related herein are taken from the Complaint, (D. 1), which the Court accepts as true by virtue of Defendant's default. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

a collection agent ("Trust Fund") and East Central Illinois Pipe Trades Health & Welfare Fund ("Welfare Fund").

Defendant is a dissolved Illinois corporation with its principal place of business in Peoria, Illinois. (D. 1 at ECF p. 3). Defendant was bound by labor and trust agreements covering the period between May 1, 2021, and April 30, 2025. (D. 1 at ECF p. 4). Pursuant to the terms and conditions of the labor agreements, Defendant was required to make contributions to Plaintiffs, and to prepare and submit contribution reporting forms monthly. (D. 1 at ECF p. 5). Plaintiffs were also entitled to audit Defendant's records. (D. 8 at ECF p. 3).

On March 13, 2024, Plaintiffs filed a Complaint against Defendant Jim Behm & Son Plumbing, Inc., pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1000 *et seq.*, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.* (D. 1). Plaintiffs alleged an audit had revealed that Defendant continued to employ individuals who performed work covered under the agreements and failed to report and make contributions for such work. (D. 1 at ECF p. 6). Plaintiffs moved to compel an accounting to recover "unpaid fringe benefit contributions or other amounts determined to be owed." (D. 1 at ECF p. 7). Plaintiffs seek unpaid fringe benefit contributions, union dues, interest and liquidated damages on both unpaid and late paid contributions, audit costs, court costs, and attorneys' fees. (D. 10 at ECF p. 2). Defendant was served on April 3, 2024, but failed to plead or otherwise defend, so the Clerk entered a default on May 21. (D. 5). This Court granted Plaintiffs' request for default judgment on October 8, 2024. (D. 8). The default judgment found Defendant liable for all allegations but made no entry of final judgment, instead directing Plaintiffs to provide a full accounting of all recoverable damages in a Motion for Entry of Final

Judgment. (D. 8 at ECF p. 7). Plaintiffs now seek entry of final judgment. (D. 9). Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund, and other plaintiffs for whom it acts as a collection agent, requests final judgment in the amount of $72,886.57. (D. 10 at ECF p. 11). Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund requests final judgment in the amount of $61,412.44. *Id.*

## II

### A

A court may enter judgment against a defaulted party under Federal Rule of Civil Procedure 55(b)(2). A default judgment establishes that a defendant is liable to a plaintiff on each cause of action alleged in a complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). Upon default, the Court takes as true the well-pleaded allegations of a complaint related to liability, but the allegations regarding the amount of damages are not assumed to be accurate. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). The Court must conduct an inquiry to determine damages with reasonable certainty and must hold a hearing unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement*, 722 F.2d at 1323. The Court need not conduct an evidentiary hearing to determine damages if the amounts "are capable of easy computation." *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014); 10A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2688 (4th ed. 2020); FED. R. CIV. P. 55(b)). Furthermore, in accounting for damages, the Court is bound by the complaint as Federal Rule of

Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

**B**

**1**

This Court has jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 185(a). Supplemental jurisdiction under 28 U.S.C. § 1367(a) exists over any remaining state-law claims. Section 502(e)(1) of ERISA grants federal district courts exclusive jurisdiction over civil actions arising under the Act. *See* 29 U.S.C. §1132(e)(1). Additionally, Section 301(a) of the LMRA grants federal district courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties. *See* 29 U.S.C. § 185(a).

**2**

This Court entered default judgment against Defendant under Rule 55(b)(2) and established liability on all of Plaintiffs' causes of action. (D. 8). Plaintiffs claimed Defendant failed to produce required monthly reports, failed to pay fringe benefit contributions, and in doing so breached labor and trust agreements. (D. 1). ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a [CBA] shall . . . make such contributions in accordance with the terms and conditions of . . . [the] agreement." 29 U.S.C. § 1145. Defendant was required to make such contributions by the terms of the Labor and Trust Agreements. (D. 1-4 at ECF pp. 40-48). The Court deemed these well-pleaded allegations admitted and found Defendant liable as a matter of law, giving rise to damages established in 29 U.S.C. § 1132(g):

**(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

    **(A)** the unpaid contributions,

    **(B)** interest on the unpaid contributions,

    **(C)** an amount equal to the greater of—

        **(i)** interest on the unpaid contributions, or

        **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    **(E)** such other legal or equitable relief as the court deems appropriate.

This Court also found Defendant in breach of written agreements under § 141 and liable for resultant damages as enumerated in those agreements. (D. 8 at ECF pp. 2, 6).

**3**

The Court finds it unnecessary to hold a hearing on damages because Plaintiffs have requested specific amounts and have submitted documentary evidence and affidavits in support of their requests. (D. 9). The amounts requested are "capable of ascertainment" from this evidence. *See Dundee Cement*, 722 F.2d at 1323. The only task remaining for this Court is to determine whether the relief Plaintiffs request is supported by the evidence. *See e360 Insight*, 500 F.3d at 602. Plaintiffs carry the burden of proving damages after an entry of default. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

**a**

Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund requests $42,788.44 in unpaid contributions and dues owed. (D. 10 at ECF p. 6). Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund requests $41,156.61 in

6

unpaid contributions and dues owed. *Id.* In an ERISA civil enforcement action, the Court must award a successful fiduciary "unpaid contributions." 29 U.S.C. § 1132(g)(2)(A). Plaintiffs provide audits of unpaid contributions between January 1, 2017, and December 31, 2024, conducted by Romolo and Associates LLC. (D. 9-1 at ECF pp. 12-30). The audits accessed Defendant's records and compared hours worked to the hours reported to Plaintiffs. *Id.* at 23. They then assessed unpaid contributions for unreported hours at the rates enumerated in the Labor and Trust Agreements. *Id.* at 18, 27-28. The audits conclusively show unreported hours and the corresponding unpaid contributions. The Court awards Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund $42,788.44 in unpaid contributions and dues, and the Court awards Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund $41,156.61 in unpaid contributions and dues.

**b**

Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund requests $4,278.84 in liquidated damages and $5,539.10 in interest on unpaid contributions. Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund requests $4,115.66 in liquidated damages and $5,268.43 in interest on unpaid contributions. Under ERISA, a court must award a successful fiduciary interest on unpaid contributions, as well as an amount equal to the greater of either (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2); *See Moriarty ex rel. Loc. Union No. 727, I.B.T. Pension Tr., & the Teamsters Loc. Union No. 727 Health & Welfare Tr. v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005) (finding the statute clearly allows an award of double interest where the value of the interest exceeds that of the liquidated damages). ERISA authorizes assessment

of interest and liquidated damages for unpaid contributions at rates equal to that agreed to in the plans. *See Operating Eng'rs Loc. 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 653 (7th Cir. 2001). Plaintiffs request interest assessed at a rate of 12% annualized and accruing at a rate of 1% per month for all unpaid contributions, as well as liquidated damages at a rate of 10%, as provided in the Labor-Management Agreement (D. 1-4 at ECF p. 42). While Plaintiffs request liquidated damages in addition to interest, this Court is required by statute to award Plaintiffs the greater of the interest on unpaid contributions and liquidated damages, and in this case the interest is greater than the liquidated damages for both Plaintiffs. *See* 29 U.S.C. § 1132(g)(2); *see also Loc. 1546 Welfare Fund v. BBHM Mgmt. Co.*, No. 08 C 6133, 2011 WL 1740034, at *3 (N.D. Ill. May 5, 2011) (finding the statute required the greater of the two amounts). This Court is not prevented by Rule 54(c) from awarding the greater amount as Plaintiffs pled for whatever damages they were entitled to under the Labor-Management Agreement, Trust Agreements, and ERISA. (D. 1 at ECF p. 9). Plaintiffs provide an accounting of interest and liquidated damages owed on unpaid contributions. (D. 9-1 at ECF pp. 32-34). The Court awards Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund $11,078.20 in double interest on unpaid contributions. The Court awards Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund $10,536.86 in double interest on unpaid contributions.

**c**

Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund requests $6,591.77 in liquidated damages and $7,710.28 in interest on late paid contributions. The double interest and liquidated damages portions of ERISA apply "only to contributions that are unpaid at the date of suit." *Gustafson*, 258

F.3d at 654. Plaintiff however may still recover interest and liquidated damages on late paid contributions per the Labor-Management Agreement under a breach of contract cause of action. *See id.* at 655. As the default judgment found Defendant liable on all causes of action, an assessment of interest and liquidated damages for late paid contributions is proper. (D. 8 at ECF p. 7). The Agreement assesses interest assessed at a rate of 12% annualized and accruing at a rate of 1% per month for all late contributions, as well as liquidated damages at a rate of 10%. The Trust Fund provides an accounting of late paid contributions for which they are owed liquidated damages and interest. (D. 9-1 at ECF p. 36). The Court awards Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund $6,591.77 in liquidated damages and $7,710.28 in interest on late paid contributions.

### d

Finally, Plaintiffs request audit costs, attorneys' fees and court costs. (D. 9 at ECF p. 5). Under ERISA the Court shall award "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs provide records of audit costs charged by Romolo and Associates. (D. 9-1 at ECF pp. 38-39). The Court finds these costs fair and necessary to determine the extent of damages to Plaintiffs. Accordingly, the Court awards Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund $1,440.16 in audit costs, and the Court awards Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund $1,436.92 in audit costs.

When the party asserting a default judgment requests attorney's fees, the Court has '"an independent obligation"' to ensure all requested fees are reasonable. *Herrera v. Grand Sports Arena, LLC*, No. 17-0452, 2018 WL 6511155, at *2 (N.D. Ill. Dec. 11, 2018) (quoting *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642,

646 (7th Cir. 1995)). Plaintiffs employed Cavanagh & O'Hara, LLP as attorneys in this case. (D. 9-2 at ECF p. 2). Plaintiffs provide billing records and affidavits by attorney John Leahy in support of the requested attorney's fees. (D. 9-2, 9-3). Plaintiffs were charged an hourly rate of $215 per hour prior to July 31, 2025, and $235 per hour afterward for work performed by partners. (D. 9-2 at ECF p. 3). Cavanagh & O'Hara additionally charged $190 per hour for associate attorney work and $90 per hour for paralegal work. *Id.* The Court finds the hourly rate of $235 per hour reasonable. The Court finds the billed hours reasonable in light of the difficulties of the case, namely the non-cooperation of Defendant in the audit process which significantly lengthened the time necessary to resolve this case. (D. 9-3 at ECF p. 3). The Court therefore awards Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund $7,365.90 in attorney's fees and court costs, and the Court awards Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund $6,606.90 in attorney's fees and court costs.

## III

Accordingly, Plaintiffs' Motion for Entry of Final Judgment, (D. 9), is granted. Plaintiff East Central Illinois Pipe Trades Health & Welfare Fund is awarded $42,788.44 in unpaid contributions and dues, $11,078.20 in double interest on unpaid contributions and dues, $1,440.16 in audit costs, and $7,365.90 in attorney's fees and court costs, for a total award of $62,672.70. Plaintiff UA Plumbers 63 & Steamfitters 353 Joint Pension Trust Fund, and other Plaintiffs for whom it acts as collection agent, is awarded $41,156.61 in unpaid contributions and dues, $10,536.86 in double interest on unpaid contributions, $6,591.77 in liquidated damages and $7,710.28 in interest on late paid contributions, and

$6,606.90 in attorney's fees and court costs, for a total award of $74,039.44. The Clerk is directed to enter judgment and close the case.

*It is so ordered.*

Entered on July 8, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE